BROWN AND OTHERS *vs.* PAYNE.

The statute of 1852, entitled " an act in alteration of an act regulating civil actions," was not merely a modification, but a repeal of all former acts relating to the appellate jurisdiction of the superior court.

The only object of the first section of said act, was to extend the exclusive original jurisdiction of the county court to all actions, wherein the matter in demand should not exceed two hundred dollars.

Therefore, where an action on the case demanding one thousand dollars damages, was brought to the county court, and, judgment having been rendered therein in favor of the plaintiff, the defendants moved for an appeal to the superior court while said act was in force, it was held, that such action was not appealable.

THIS was an action on the case, brought against the defendants, as common carriers, and demanding one thousand dollars damages.

The cause was tried before the jury, at the November term of the county court for New London county, when the plaintiff obtained a verdict, and judgment was thereupon rendered in his favor for $584.59. The sum claimed by the

plaintiff in damages, being greater than $200, the defendants thereupon moved for an appeal to the next term of the superior court for said county, and offered sufficient bond with surety, to prosecute said appeal to effect. But the court overruled said motion and denied the right of such appeal, and the defendants, by motion in error, brought the cause before the superior court, and the questions thereon arising were reserved for the advice of this court.

*McCurdy, Lippett* and *Willey,* for the plaintiffs in error.

*Foster,* contra.

Storrs, J. The question in this case is, whether the action, from the judgment on which this writ of error is brought, was appealable from the county court; and that depends on the true construction of the act, passed in 1852, entitled, " an act in alteration of an act for the regulation of civil actions." (Acts of 1852, ch. 1.) The first section of that act prescribes the exclusive original jurisdiction of the county court; the second, the appellate jurisdiction of the superior court; and the sixth, the concurrent original jurisdiction of those courts. The original action in this case, in which an appeal was claimed from the county court, was confessedly one which was not specified in the second section of that act, among those in which an appeal was therein allowed. As that section did not allow an appeal in that action, and the right of appeal does not exist at common law, it results that, if the question before us depends on the terms of that act alone, the action was not appealable. But the plaintiffs in error claim, that there is a clear implication, from the phraseology of the first section, that all actions brought to the county court, where the matter in demand exceeds two hundred dollars, were intended to be appealable, and that its object was only to modify the then existing law, which gave the right of appeal, in all such actions where the matter in demand exceeded seventy dollars, so as only to

exclude that right, in such actions where it does not exceed two hundred dollars, and consequently to retain it as before, where it exceeded the latter amount. We think, however, that that section was intended to be conversant only with the exclusive original jurisdiction of the county court, and that the phraseology alluded to, was adopted for the purpose of defining that jurisdiction, and not of distinguishing between actions in that court which should be appealable, and those which should not. Its only object was to extend such jurisdiction to all actions wherein the matter in demand should not exceed two hundred dollars, instead of limiting it to those where it should not exceed seventy dollars, as was done by the previously existing law. If its design was such as the plaintiffs in error claim, no good reason can be devised' why, instead of leaving it to vague conjecture, it was not explicitly manifested in the second section, the only object of which was to define the cases where an appeal should be allowed. There would be much force in this claim, if the act of 1852 had concluded with the first section, and the former law, of which it was an alteration, conferring appellate jurisdiction on the superior court, were framed with appropriate language to retain such jurisdiction, after the exclusive jurisdiction of the county court was extended. But a reference to the law thus altered, will clearly show, that it is applicable only to the county and superior courts as then constituted, with regard to their jurisdiction, and could not be applied to the provisions of the law of 1852, upon any proper principle of construing statutes, nor without producing great confusion.

But the provisions of the second section of the law of 1852 clearly show, that it was the intention of the legislature not to retain any of the former laws in regard to the appellate jurisdiction of the superior court, but wholly to supersede them. That section provides very particularly, in what cases an appeal may be allowed from the county court,

and, what is very noticeable, among those cases, specifies not only several where the right of appeal had not been theretofore allowed, but also, several in which the right had before existed ; thus showing, that all former laws, giving a right of appeal, were intended to be abrogated.   The concluding section of the act also evinces the same intention. Hence we must consider that act to be not merely a modification of the previous laws in regard to the appellate jurisdiction of the superior court, but a repeal of them, and a remodeling of the judicial system, so far as it respects such jurisdiction.   We would only add, what is in itself the strongest evidence of the intention of the legislature on the question before us, that the original action in this case can not be held to have been appealable, without rendering essentially nugatory the fourth section of that act.   It is obvious, that if that action was appealable, there could be no cases on which that section could have any operation, unless we except the few cases of actions brought on bonds or notes given for the payment of money only, vouched by two witnesses ; to which alone it can not be rationally believed that that section was intended to apply.

Other views, confirming the opinion we have expressed, might be presented, which, however, we omit, considering it unnecessary, especially since the essential modifications that the law in question has recently undergone.

Our advice therefore is, that the judgment of the county court be affirmed.

In this opinion the other judges concurred.

Judgment affirmed.